UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH EARLY,<br><br>  Plaintiff,<br><br>  v.<br><br>KEYSTONE RESTAURANT GROUP, LLC,<br><br>  Defendant. | Case No. 2:16-cv-00740-JAM-DB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S BILL OF COSTS, PLAINTIFF'S BILL OF COSTS, AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

This matter is before the Court on Plaintiff Sarah Early's ("Plaintiff" or "Early") Motion for Attorneys' Fees and Costs. Fee Mot., ECF No. 139. Defendant Keystone Restaurant Group, LLC ("Defendant" or "Keystone") opposes the motion. Opp'n, ECF No. 152. Additionally, both Early and Keystone submitted bills of costs. See Def.'s Bill of Costs, ECF No. 133; Pl.'s Bill of Costs, ECF No. 134. Each party opposes awarding the other costs. See Def.'s Obj. to Costs, ECF No. 135; Pl.'s Obj. to Costs, ECF No. 136; Def.'s Resp. to Pl.'s Obj., ECF No. 150. For the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Keystone's Bill of Costs, GRANTS IN PART AND DENIES IN PART Early's Bill of Costs, and GRANTS IN PART AND DENIES IN PART

1

Early's Motion for Attorneys' Fees and Costs.[1]

## I. INTRODUCTION

Early filed this case in April 2016 alleging she had been the victim of sexual harassment, discrimination, and retaliation during her employment at a Sonic restaurant operated by franchisee Keystone. See Second Am. Complaint, ECF No. 18. The Court granted Early partial summary judgment on one claim, ECF No. 51, and the jury returned a verdict for Early on two additional claims, ECF No. 121. Specifically, Early prevailed on her California Fair Employment and Housing Act (FEHA) hostile work environment, quid pro quo sexual harassment, and failure to prevent sexual harassment and retaliation claims against Keystone. The jury awarded Early $50,000 in damages. Both Early and Keystone have submitted Bill of Costs: Early for $8,027.54, Pl.'s Bill of Costs, and Keystone for $9,759.73, Def.'s Bill of Costs.

As the prevailing party in this action, Plaintiff now seeks attorneys' fees in the amount of $394,073.50 and non-taxable costs in the amount of $11,488.78. See Fee Mot. Keystone opposes Early's motion for fees and seeks its own costs based on settlement offers made prior to trial. See Opp'n.

## II. LEGAL STANDARD

Under Eastern District of California Local Rule 293, a prevailing party has twenty-eight (28) days after entry of a

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 5, 2019.

2

final judgment to move for an award of attorneys' fees. E.D. Cal. L.R. 293(a). "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." Hensley v. Eckerhart, 461 U.S. 424, 437 (1983).

The Ninth Circuit requires a district court to calculate an award of attorneys' fees by first calculating the "lodestar." See Caudle v. Bristow Optical Co. Inc., 224 F.3d 1014, 1028 (9th Cir. 2000). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." Id. at 1028 (citing Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996)). The lodestar is presumptively reasonable unless some exceptional circumstance justifies deviation. Quesada v. Thomason, 850 F.2d 537, 539 (9th Cir. 1998). As the Ninth Circuit has indicated, "a district court should exclude from the lodestar amount hours that are not reasonably expended because they are 'excessive, redundant, or otherwise unnecessary.'" Van Gerwen v. Guarantee Mutual Life Co., 214 F.3d 1041, 1045 (9th Cir. 2000) (quoting Hensley, 461 U.S. at 434). The Court is under an independent duty to reach its own "lodestar" value. Hensley, 461 U.S. at 433.

After computing the lodestar, the district court assesses whether additional considerations enumerated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), abrogated on other grounds by City of Burlington v. Dague, 505 U.S. 557 (1992), require the court to adjust the figure. Caudle, 224 F.3d at 1028. The factors laid out in Kerr, along with the

3

substantially overlapping criteria enumerated in Local Rule 293, include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; (12) awards in similar cases; and (13) such other matters as the Court may deem appropriate under the circumstances. Kerr, 526 F.2d at 70; E.D. Cal. L.R. 293(c).

## III. DEFENDANT'S BILL OF COSTS

Keystone seeks payment of its costs in the amount of $9,759.73 by Early under Federal Rule of Civil Procedure 68. Def.'s Bill of Costs. "Under Rule 68, if a plaintiff rejects a defendant's offer of judgment, and the judgment finally obtained by plaintiff is not more favorable than the offer, the plaintiff must pay the costs incurred subsequent to the offer." UMG Recordings, Inc. v. Shelter Capital Partners LLC, 718 F.3d 1006, 1033 (9th Cir. 2013).

Here, there is evidence that Keystone made Early two offers to settle for $75,000. The first, made on October 21, 2016, was inclusive of attorneys' fees and costs. 2016 Offer, ECF No. 133-2, pp. 5-6. As Early's attorneys' fees and costs at this point

exceeded $25,000, this offer was not more favorable than her award at trial. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 354 (1981) ("[Rule 68(d)] does not apply ... to judgments in favor of the plaintiff for an amount greater than the settlement offer."). Keystone's second offer for $75,000, made on September 12, 2017, was exclusive of reasonable attorneys' fees and costs. 2017 Offer, ECF No. 133-2, pp. 10-11. This offer applied to "all causes of action alleged" in the Second Amended Complaint and was both clear and unconditional. Id. at 10. Thus, although Early prevailed at trial and received $50,000, her award was less than Keystone's September 2017 Rule 68 offer of $75,000. Accordingly, Early must pay Keystone's costs incurred after September 12, 2017, in addition to her own, under Rule 68(d). See Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1026 (9th Cir. 2003) ("The award is mandatory; Rule 68 leaves no room for the court's discretion.").

Early makes two arguments in opposition to Defendant's Bill of Costs. Pl.'s Obj. Def.'s Bill of Costs, ECF No. 136. She first argues that Keystone's offer did not qualify under Rule 68 because it did not include an admission of liability. Id. at 2-3. This argument is fatally flawed, as a Rule 68 offer need not admit liability, so long as it is a valid offer of judgment. See, e.g., MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co., 197 F.3d 1276, 1279 (9th Cir. 1999) (referencing a valid Rule 68 offer that stated: "This offer of judgment is made for the purposes specified in Rule 68, and is not to be construed either as an admission that the defendant is liable in this action or that the plaintiff has suffered any damage."); Laxague v. Fireman's Fund

Ins. Co., 269 Cal. Rptr. 456, 459 (Ct. App. 1990) ("Significantly, no judicial determination of liability is necessary to effectuate a settlement under [R]ule 68.").

Second, Early argues that Rule 68 does not apply because she was not successful on any of her federal claims. Pl.'s Obj. Def.'s Bill of Costs at 3-4. She cites to MRO Communications, Inc. v. AT&T Co., 197 F.3d 1276 (9th Cir. 1999), in support of this argument. The case is, however, inapposite to her argument because the defendant in that case was the prevailing party on all claims, both state and federal. See id. at 1279 ("On July 30, 1998, the district court entered a final judgment for AT & T on all of MRO's claims."). Early does not produce a single factually analogous case in support of her argument that Rule 68 does not apply because the jury found for Keystone on the federal law claims. The Court finds that Rule 68 governs Keystone's offer of judgment. See Day v. Sears Holdings Corp., No. CV1109068MMMPJWX, 2013 WL 12125738, at *6 (C.D. Cal. May 28, 2013) (citing to Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 559 U.S. 393 (2010) for the principle that Rule 68 governs cost recovery of California law claims in federal court); MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION 1983 LITIGATION STATUTORY ATTORNEY'S FEES § 8.04(4th ed. 2019-1 Supp.).

Although the jury did not find for Early on her Title VII claims, the jury found in her favor on two FEHA claims and the Court granted her summary judgment on a third FEHA claim. Early succeeded on a "significant issue in litigation" and "achieve[d] some of the benefit [she] sought in bringing the suit."

Kletzelman v. Capistrano Unified Sch. Dist., 91 F.3d 68, 70 (9th Cir. 1996). The jury verdict changed the parties' relationship in Early's favor. Id. at 71. Early is the prevailing party. As Early declined a more favorable Rule 68 offer in September 2017, the Court must award post-offer costs to Keystone.

Many of the costs for which Keystone seeks reimbursement were incurred prior to the September 12, 2017 Rule 68 offer. Def.'s Bill of Costs at 3. Keystone incurred all of the transcript fees prior to this date, and thus these are not recoverable. Keystone also incurred its witness fees after making the September 12, 2017 offer, and accordingly may recover for those costs.

| Date | Reason | Amount |
|---|---|---|
| 5/31/2018 | Witness fee for trial witness Sherry Clark | $262.88 |
| 9/05/2018–9/06/2018 | Lodging during trial for trial witness Sherry Clark | $249.92 |
| 9/04/2018–9/07/2018 | Air travel to and from trial for trial witness Denise Lee | $560.95 |
| 09/04/2018–9/07/2018 | Lodging during trial for trial witness Denise Lee | $1,008.61 |
| | **Total Post-Offer Costs** | **$2,082.36** |

The Court awards Keystone $2,082.36 in post-offer costs.

///

///

///

7

IV. PLAINTIFF'S BILL OF COSTS

Early seeks costs from Keystone in the amount of $8,027.54 as the prevailing party. Pl.'s Bill of Costs. Federal Rule of Civil Procedure 54(d) creates "a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." Ass'n of Mexican-Am. Educators v. State of California, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). Although Keystone's September 2017 offer truncates the costs Early may otherwise recover under Rule 54(d), Rule 68 does not prevent Early's recovery of her pre-September 12, 2017 offer costs. See Stanczyk v. City of New York, 752 F.3d 273, 281 (2d Cir. 2014) ("[E]very Circuit to have confronted this question appears to have reached the same conclusion: Rule 68 reverses Rule 54(d) and requires a prevailing plaintiff to pay a defendant's post-offer costs if the plaintiff's judgment is less favorable than the unaccepted offer."); Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1024 (9th Cir. 2003) ("The Rule is not designed to affect the plaintiff's recovery of pre-offer costs."). Early's recoverable charts are detailed in the following chart:

///
///
///
///
///
///
///
///

| Date | Reason | Amount |
|---|---|---|
| 6/16/2016 | Service of Summons on Keystone Restaurant Group, LLC | $79.75 |
| 3/16/2017 | Service of Subpoena on Sirenio Gonzalez | $70.00 |
| 3/24/2017 | Service of Subpoena on Sirenio Gonzalez | $285.00 |
| 4/01/2017 | Service of Subpoena on Sherry Clark | $93.90 |
| 4/17/2017 | Service of Subpoena on Diem Nguyen Smith | $70.00 |
| 5/03/2017 | Service of Subpoena on Diem Nguyen Smith | $227.00 |
| 5/18/2017 | Service of Subpoena on Diem Nguyen Smith | $245.00 |
| 5/18/2017 | Service of Subpoena on Diem Nguyen Smith | $70.00 |
| 4/25/2017 | Deposition of Sirenio Gonzalez | $668.15 |
| 5/03/2017 | Deposition of Sherry Clark | $932.15 |
| 5/16/2017 | Deposition of Diem Nguyen-Smith | $440.85 |
| 5/22/2017 | Deposition of Denise Lee | $916.55 |
| 7/05/2017 | Deposition of Diem Nguyen-Smith | $977.75 |
| 8/22/2017 | Deposition of Sarah Early | $1,100.55 |
| | **Total Pre-Offer Costs** | **$6,176.65** |

In its review of Early's exhibits, the Court found several instances where the receipts displayed higher total prices than those listed in Early's counsel's declaration. To resolve those inconsistencies, the Court awarded the lower amount listed in

9

Early's counsel's sworn declaration. The Court awards Early $6,176.65 for costs sought as the prevailing party.

## V. PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

### A. Rule 68 Does Not Limit Early's Attorneys' Fees

Rule 68 requires the Court to look at whether the underlying statute provides attorneys' fees to the prevailing party as costs. Marek v. Chesny, 473 U.S. 1, 9 (1985) (holding that "the most reasonable inference is that the term 'costs' in Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority."). Here, the Court finds that the relevant statute is the one that conferred Early's prevailing party status: FEHA. See Champion Produce, Inc. v. Ruby Robinson Co., 342 F.3d 1016, 1028 (9th Cir. 2003) ("Marek's construction of Rule 68 applies not only to federal fee-granting statutes but also to state fee-granting statutes"). The relevant section of FEHA provides, in part:

> In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees, except that, notwithstanding Section 998 of the Code of Civil Procedure, a prevailing defendant shall not be awarded fees and costs unless the court finds the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so.

Cal. Gov't Code § 12965(b). Cf. Laxague v. Fireman's Fund Ins. Co., 269 Cal. Rptr. 456, 459 (Ct. App. 1990) ("Both the procedure and purpose of [Rule 68] are strikingly similar to California Code of Civil Procedure section 998."). The Ninth Circuit has considered the applicability of Rule 68 to Section 12965(b) in

dicta, stating that "Section 12965(b) clearly provides attorney's fees separately from costs." Hasan v. Contra Costa Cty., 45 F. App'x 795, 796 (9th Cir. 2002) (unpublished). Finding that FEHA does not include attorneys' fees as costs, the Court determines that Early's rejection of the September 2017 Rule 68 offer does not bar her from collecting post-offer attorneys' fees.

### B. Calculation of Early's Attorneys' Fees

Under both California and federal law, the determination of whether Early's attorneys' fees are reasonable begins with a determination of the lodestar: the reasonable hourly rates multiplied by the number of hours reasonably spent. See, e.g., Hensley, 461 U.S. at 433; Taylor v. Nabors Drilling USA, LP, 166 Cal. Rptr. 3d 676, 693 (Ct. App. 2014).

In the instant case, Early argues the total lodestar claimed for work on the merits is $394,073.50, based on 510.70 hours by Jocelyn Burton at $530 per hour, 481.10 hours by Scott Nakama at $250 per hour, 31.6 hours by Helen O'Keefe at $100 per hour, and 17.3 hours by Kirtecia Griggs at $100 per hour. Burton Decl., ECF No. 139-1, p. 4. Early's counsel does not seek a lodestar enhancement. See id. Keystone's counsel objects to Early's fee request on multiple grounds. See Fee Opp'n.[2]

#### 1. Hours Reasonably Expended

In determining the lodestar, the Court first must determine

---

[2] Keystone moves to strike a declaration by Early's counsel in support of her reply brief. Def. Obj., ECF No. 156. The Court denies Keystone's request. Early's counsel's declaration is submitted in response to Keystone's Rule 68 arguments. It also demonstrates a fact that is readily apparent, i.e., that attorneys' fees clearly exceeded $25,000 by the time the 2016 Rule 68 offer was made.

11

whether the requested number of hours is greater than, less than, or the same number of hours that reasonably competent counsel would have billed. Early requests 991.8 hours for services performed by attorneys and 48.9 hours for services performed by paralegals. Keystone objects to these totals, arguing that Early's counsel has (1) billed for motions never filed, (2) failed to provide adequate detail of the tasks performed, (3) billed Keystone for work performed in relation to Early's claims against dismissed parties, and (4) overbilled for activities where only one attorney was necessary. Opp'n at 12-15.

First, as to Keystone's objection that Early billed for pleadings never filed, Early's reply proves informative. Reply, ECF No. 153, pp. 7-8. The reply provides clarity regarding Early's January 2017 motion to compel Defendants' disclosures and the March 2018 billing for trial equipment training. Id. The reply fails to explain, however, why Nakama billed 32 hours of discovery tasks between June 1, 2016 and September 12, 2016. Based on the provided facts, this amount of time is excessive. The Court reduces Nakama's hours by 20 hours to account for this excess.

Second, with respect to Keystone's objection that Early's counsel failed to provide adequate detail of the tasks performed, the Court agrees with Keystone that Early's counsel could have provided more detailed descriptions of billed tasks, which would have significantly aided the Court in considering this Motion. Nevertheless, the entries provide minimally sufficient information upon which the Court can gauge whether billed entries

are reasonable. The Court will not reduce fees simply based on this argument.

Third, as to Keystone's objection to time billed for work performed opposing motions filed by other dismissed parties, the Court agrees that Early should not have included hours billed for time spent opposing the Sonic Defendant's Motion to Dismiss and Motion for Summary Judgment, as the Sonic Defendants were the prevailing party in Early's claims against them. Accordingly, the Court deducts the 38 hours that Nakama spent and 2.9 hours Burton spent on Early's August 9, 2016 opposition to the Motion to Dismiss. The Court also reduces the hours Burton spent on Early's reply to her Motion for Summary judgment by half, as about half of the reply concerned the Sonic Defendants. As Burton billed 25.1 hours on the reply, the Court reduces this number by 12.55 hours.

Fourth, the Court does not find it improper that Early had two attorneys present at certain case activities. Co-counsel Nakama attended the mediation, settlement-related activities, and trial with Burton, and absent any evidence that his presence was excessive, redundant, other otherwise unnecessary, Keystone's argument fails. As the trial transcript shows, Nakama did not sit silently observing throughout the entire trial. See Trial Transcript, ECF Nos. 137-137-5. Keystone's generalized statements that the time Nakama spent attending activities was unreasonable is not particularly helpful to the Court. Nevertheless, the Court does find that Keystone correctly notes that Nakama did not need to spend 19.5 hours reviewing the transcripts of a trial he attended, and will deduct that time.

13

Applying these deductions, the Court finds that 495.25 hours are appropriate for Burton, 403.6 hours are appropriate for Nakama, 31.6 hours are appropriate for O'Keefe, and 17.3 hours are appropriate for Griggs. These hours amount to the total time that reasonably competent counsel would have billed in this case.

### 2. Reasonable Hourly Rate

The Court now turns to determining a reasonable hourly rate. Cases direct the Court to compare the requested rates with the "prevailing market rate," which is the rate "prevailing in the community for similar services of lawyers with reasonably comparable skill, experience, and reputation." Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The relevant market in this case is the rate prevailing in the Eastern District of California.

Burton graduated from University of Chicago Law School in 1988 and has been practicing law in California for over thirty years. Burton Decl. at 2. She has been designated as a Super Lawyer for Northern California in the area of Labor and Employment Law since 2012. Id. The Court finds Burton's requested hourly rate of $530 per hour to be well within the acceptable range for an attorney with Burton's experience. See Z.F. by & through M.A.F. J.F. v. Ripon Unified Sch. Dist. (RUSD), No. 210CV00523TLNCKD, 2017 WL 1064679, at *3 (E.D. Cal. Mar. 21, 2017) ("Prevailing hourly rates in the Eastern District of California are in the $350-$550/hour range for experienced attorneys with over 15 years of experience in civil rights and class action litigation.").

Nakama graduated from Case Western Reserve University School of Law and has been admitted to practice in California since June

2014. Burton Decl. at 3. During the time that Nakama worked on this case, he had one to four years of experience. See id. Accordingly, the Court finds the appropriate rate for an employee with Nakama's experience in the Eastern District of California is $175/hour, rather than the $250/hour requested by Early. See In re Taco Bell Wage & Hour Actions, 222 F. Supp. 3d 813, 845 (E.D. Cal. 2016) (awarding an attorney with less than two years of experience the rate of $125 per hour); Deocampo v. Potts, No. CV 2:06-1283 WBS CMK, 2017 WL 363142, at *4 (E.D. Cal. Jan. 24, 2017) ("[C]ourts in this district have found that an hourly rate between $250 and $280 is reasonable for attorneys with ten or more years of experience in civil rights cases").

O'Keefe has worked as a paralegal with Burton Employment Law since 2015. Burton Decl. at 3. Griggs worked as a paralegal with the firm from November 2015 to April 2017. Id. No information was provided regarding the years of experience that O'Keefe and Griggs have as paralegals. The rates requested for the two paralegals—$100 per hour—are within the acceptable range for this district. Moreno v. Comm'r of Soc. Sec., No. 1:16-CV-1600-SAB, 2018 WL 2388805, at *3 (E.D. Cal. May 25, 2018) ("In this division, the reasonable rate of compensation for a paralegal would be between $75.00 to $150.00 per hour depending on experience."). The Court's calculation of the reasonable amount of Early's attorneys' fees is set forth in the following chart:

///
///
///

| Person | Billed Hours | Deducted Hours | Hourly Rate | Lodestar |
|---|---|---|---|---|
| Burton | 510.7 | 15.45 | $530 | $262,482.50 |
| Nakama | 481.1 | 77.5 | $175 | $70,630.00 |
| O'Keefe | 31.6 | 0 | $100 | $3,160.00 |
| Griggs | 17.3 | 0 | $100 | $1,730.00 |
| | | | **Total** | **$338,002.50** |

3. The Kerr Factors and Local Rule 293(c)

Finally, the Court considers whether circumstances justify deviating from the lodestar. See Quesada, 850 F.2d at 539. Although there is a "strong presumption" that a lodestar calculation is sufficient compensation, "that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 553-54 (2010).

None of the first seven Kerr factors weigh in favor of adjusting the lodestar. The Court calculated the appropriate time and labor above, and does not find that this case presented any more novelty or difficulty than any other ordinary employment discrimination lawsuit. An average amount of skill was required to perform the services rendered and this case was no more or less time consuming or preclusive of other employment opportunities than a standard case. The Court does not believe that the nature of the fee here warrants an upward or downward departure.

The eighth Kerr factor is of particular relevance in a case

16

like this, where the plaintiff achieved partial success.  Here, Early prevailed on three of her original nine claims, securing an award of $50,000 from the jury.  Considering "the amount involved and the results obtained," Kerr, 526 F.2d at 70; E.D. Cal. L.R. 293(c), Early achieved limited success.  The Court does not, however, find that a reduction of fees on this basis is warranted. There is a need to encourage suits effectuating a strong public policy.  Furthermore, Early's state and federal claims were factually related and closely intertwined.  While the jury verdict reflects the fact that Early's counsel seems to have overvalued this case—i.e., the evidence regarding Early's damages did not support the $200,000 award requested by counsel at trial— this does not lead the Court to conclude that attorneys' fees should be reduced given Early's success on the issue of liability.

The remaining factors do not provide any additional cause to adjust the lodestar.  The Court based Early's counsel's rates, above, on counsel's experience and ability.  This case was no more undesirable than the typical employment discrimination case. No information was provided that Early's counsel had any more than an ordinary professional relationship with their client. Finally, the award here was in line with the amount of damages that Early demonstrated, no higher or lower than similar cases.

Accordingly, the Court awards Early $338,002.50 in attorneys' fees.

C. Additional Request for Nontaxable Costs

With her Motion for Attorneys' Fees, Early also requests costs in the amount of $11,488,78.  Mot. at 8.  It appears that

this amount is in addition to the $8,027.54 claimed in her Bill of Costs. See Pl. Bill of Costs, ECF No. 134. Keystone opposes these costs, arguing that the motion does not (1) explain the $3,460.24 increase from her timely filed Bill of Costs, (2) attach invoices for the additional costs, or (3) address why costs should be considered beyond the 14-day deadline imposed by Local Rule 292. Opp'n at 20; see also E.D. Cal. L.R. 292. In her reply, Early contends that she may seek costs under Government Code § 12965(b) and that her request was timely under Local Rule 293. Reply, ECF No. 153, p. 8.

Local Rule 292 addresses taxable costs and specifies that a bill of costs must be filed within 14 days of the entry of judgment. E.D. Cal. L.R. 292(b). Local Rule 293 addresses awards of attorneys' fees and specifies that motions for awards of attorneys' fees to prevailing parties shall not be filed later than 28 days after entry of final judgment. E.D. Cal. L.R. 293(a). As Federal Rule of Civil Procedure 54(d) allows a "claim for attorney's fees and related nontaxable expenses," Fed. R. Civ. P. 54(d)(2)(A) (emphasis added), the Court finds that Early's request for nontaxable costs to be timely under Rule 293.

District courts have the discretion to award nontaxable costs where the underlying statute awards "reasonable attorney's fees" to the prevailing party. Grove v. Wells Fargo Financial Calif., 606 F.3d 577, 580 (9th Cir. 2010)). Since FEHA allows for a prevailing party to recover "reasonable attorney's fees and costs, including expert witness fees," Cal. Gov't Code § 12965(b), the Court has discretion to award Early nontaxable costs.

Finally, as to the issue of whether Early's nontaxable costs were reasonable, "[a] party seeking to recover costs and expenses need not document its request with 'page-by-page precision, [however] a bill of costs must represent a calculation that is reasonably accurate under the circumstances.'" Kilopass Tech., Inc. v. Sidense Corp., 82 F. Supp. 3d 1154, 1174 (N.D. Cal. 2015) (quoting Summit Tech., Inc. v. Nidek Co., 435 F.3d 1371, 1380 (Fed. Cir. 2006)). Early's counsel has failed to submit sufficient information that allows the Court to ascertain the reasonableness and accuracy of the claimed costs. For example, the chart in which Early's counsel lists their billed hours also lists $19,516.32 in expenses. Burton Decl., Ex. A, at 2-54 (listing $16,418.76 in expenses for Burton, $29.85 for Griggs, $2,875.46 for Nakama, $158.09 for O'Keefe, $31.54 for someone named Monique Ramirez, and $2.62 for someone named Leigh Miles). Also, several of these cost descriptions are completely blank, listing only a date and price with no information about what cost to which the entry relates. See id. No invoices or receipts were provided to substantiate these nontaxable costs, even though some individual entries total thousands of dollars. The only guidance the Court has regarding these costs is a table in which Burton lists a summary of costs for different categories, without details such as the date incurred. See Burton Decl. at 4-5 (listing "Postage: 66.03; Federal Express: 200.24; Document retrieval: 34.68; Mediators: $3,000.00; Out of town travel: 4,650.92; Trial Transcripts: 2,500.00; Local Travel: 196.96; Stake out fees for subpoenas: 193.18; Electronic Depositions: 647.71; Total: $11,488.78). The Court declines to

award nontaxable costs over $10,000 without even a single receipt or billing invoice. Cf. Wild v. NBC Universal, No. CV103615GAFAJWX, 2011 WL 12877031, at *3 (C.D. Cal. July 18, 2011) (awarding $451.05 in nontaxable costs after "reviewing the billing invoices").

The billing entries list does, however, provide verifiable tracking numbers for Federal Express costs and the Court finds these costs to be actually and reasonably incurred. Accordingly, the Court awards Early $200.24 for these nontaxable costs.

V. CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART Early's Motion for attorneys' fees. ECF No. 139. The Court AWARDS Plaintiff the following: (1) $338,002.50 in attorneys' fees for litigation and trial and (2) $200.24 in nontaxable expenses under Federal Rule of Civil Procedure 54(d)(2)(A), for a total of $338,202.74. Additionally, the Court GRANTS IN PART AND DENIES IN PART Keystone's Bill of Costs and GRANTS Keystone $2,082.36 in post-September 12, 2017 Rule 68 offer taxable costs, ECF No. 133. Finally, the Court GRANTS IN PART AND DENIES IN PART Early's Bill of Costs and GRANTS Early $6,176.65 in pre-September 12, 2017 Rule 68 offer taxable costs, ECF No. 134.

IT IS SO ORDERED.

Dated: February 22, 2019

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE